of this morning, Reimers v. United States Citizenship and Immigration Services. Good morning ladies and gentlemen great기가 have just finished the formal Hello good morning may please the court my name is Alicia Moss for appellant Maria Reimers. I'll endeavor to save two minutes and watch the clock for rebuttal. This case is about a co-owner of a marijuana dispensary that is legal and state-sanctioned in Washington State whom USCIS denied naturalization solely based on her ownership by finding she lacked good moral character. I've made several statutory and constitutional arguments in my briefs I'd like to focus on two the first being a mandatory evidentiary hearing under 1421 C and violation of equal protection under the federal Constitution. For the first one Ms. Reimers had a right to a mandatory evidentiary hearing under 1421 C. This is to also allow the district court to assess her credibility. We argue this on page 16 and on our opening brief on page 8 as long as well as our FRAP 28 J letter. The text, the case law, the legislative history all support our position that this unique situation in naturalization context that 1421 C requires a mandatory evidentiary hearing. 1421 C by itself on its language is clear in the last clause that shall at the request of the petitioner conduct a hearing de novo on the application and that is mandatory for the court. This is a very rare provision. When you look at the history of naturalization the district courts have been doing this by themselves for about 200 years before the 1990 Immigration and Nationality Act and the intent of Congress was to make sure that the legislative hearing in this context is clear but even if your honors find that hearing is unclear as some other circuit courts have found we can look to the legislative history to find out exactly what Congress intended. The pre 1990 version which was 1447 B required a testimony under oath before the court and in the presence of the court and so when Congress was looking at 1421 C this was the state of the law. Some of the legislative history in the other circuit courts that have dealt with this in the Second and Fifth Circuit has not been explored in depth and this court could be the first court to really explore that legislative history in depth and find out what Congress's intent was but if we look to some of the quotes which is in my FRAP 28 J letter on the Senate floor they say most of it that citizenship is the most valued government benefit of this land. Applicants should receive full recourse to the judiciary when the request for the benefit is denied and on the house Representative Morrison who's a sponsor of the bill says quote this bill does not take away any of the judicial review rights accorded to applicants today. 1447 B was what was accorded at that moment which was an evidentiary hearing in district court. Also on the House floor that denied cases or appeal to the district court and heard de novo as under existing law. So when the Fifth Circuit says in karaoke that there's not much other than the sponsor statement that is untrue. There is deep legislative history that shows that 1421 C is is different, that citizenship is different, naturalization is different and because of the benefit is so large it is the ultimate benefit that anyone in this country could strive to have for and to have. Counsel was there anything that the agency did not have any evidence that that you wanted to put before the district court that the agency didn't have? Oh yes we we did want to put forth more expert testimony we only had the expert report from our expert. And and did the district court deny you that or did you or did you get that before? Well we we got the district court ruled in favor of the government on their summary judgment. So we didn't get to put forth any testimony that's that's why we're here because the 1421 C mandatory evidentiary hearing would have allowed our test our expert to testify. All we were able to present to the district court was our expert affidavit and her CV. So we didn't get a chance to do anything more than that. And what more would have been put before the affidavit? Sure. So the nature of the evidence. Absolutely. We would have had testimony about her disparate treatment and her whether she's similarly situated to other US citizens who own legal state-sanctioned marijuana businesses in those states and especially Washington. Did you have evidence about other legal permanent residents who were treated differently because of their ownership or co-ownership of a marijuana company? No we didn't but we would like the chance to gather that evidence and put that on at its 1421 C mandatory evidentiary hearing. Did you know you did you have advance notice the government was going to file for summary judgment? Oh we did know that because of the scheduling order. Did you file your own motion for summary judgment? We did a cross motion and we did that because... If there's cross motions for summary judgment why why why why why haven't you invited the district court to make an error here if you're claiming now that you that you're entitled to a hearing? Because we were just going to preserve in case the district court didn't agree with us we had to cross motion. You can oppose a motion for summary judgment without without moving for yourself that you that you're entitled to a judgment on the record. Well we we are even entitled so there's two big parts here because we have the statutory provision of 1421 C which is about the evidentiary hearing but we still have legal questions that are appropriate for a cross motion for having the light most favorable to us as far as the legal questions which are there. Legal questions we would look at de novo in any event. Yes your honor. And it would be the factual questions opposing each other reviewed in the light most favorable to that party or this party right? That is correct. If if are there are there factual issues in your view or is this a legal question? They're both. There are factual issues and I do want to point out that I did not see the district court's order that there was an official findings of fact either and if there's not an official findings of fact this this court is also reviewing the the factual part of the record de novo as well. So counsel I'm looking at 1421 C here's what puzzles me just a little bit. It's a very interesting provision that last sentence. So such ruse shall be de novo the court shall make its own findings of fact and conclusions of law. So that's the standard of review. Now in ordinary agency proceedings if they if if the if the court has got de novo review generally you're confined to the record that was before the agency but you get to make your own de novo assessment of all of that. But then it goes on and says and but and shall at the request of the petitioner conduct a hearing de novo. Hearing de novo means that it's on an open record. Means you're not confined. That's the general meaning under the Administrative Procedure Act. It's a rare procedure under the APA that would allow an age that would allow a court to review to take an appeal from an agency but do it on an open record so that you can add to the record. And but it sounds like you've added to the record and then you moved for summary judgment. So if there's error here why isn't it just invited error? Because we were limited to the record that we could produce on summary judgment. What the the big thing to the district court that the district court should didn't should not decide things on on on on on the record that you provided? Either either for you or for the government? What I'm saying is 1421C if the petitioner applicant requests the hearing it is mandatory and summary judgment cannot be had until after that hearing happens. I'm not aware of any rule of administrative procedure that would that would preclude a summary judgment by a district court even even if it's got the even if it's authorized to conduct a trial de novo. And that's why we go back to the definition of hearing and the definition of hearing in this case in this very specialized citizenship arena that we have is that the district judge can assess credibility. The district judge is the one. If credibility needs to be assessed that and that's a perfectly good reason for denying summary judgment. That happens all the time just ordinary litigation. Right and and and you're and they're right that the the 1421C does refer to Chapter 7 in Title 5 of the APA but we also have an alternative. If the court made adverse at credibility findings that would be grounds for reversing summary judgment because the the district court has to accept the best version for you for the for the against the against the moving party. Yes exactly I mean and in this posture we were preserving that summary judgment standard but the thing is it's her right to give up. That's the main thing in this case. It does it that are side issues with summary judgment. I we're not arguing that rule 81 says that it doesn't apply it's not applied at all. What we're saying is that one it's mandatory based on the legislative history the text and the pre-1990 cases. No pre-1990 case that I could find that was published has ruled summary judgment in a naturalization context. Not one. And if we go back it's full recourse to the judiciary. The the Congress is so clear on this because this is unique. It's the ultimate right in the United States to have a citizenship. Do you have any case whether it's in the immigration context or elsewhere where an aid where a court can conduct a hearing de novo that that a court that an appeals court has said it's improper for you to rule on summary judgment? And again no because I'm not saying it's improper to rule in summary judgment. I'm saying it's improper to rule summary judgment before a requested 1421c mandatory evidentiary hearing. After that because this right is so valuable it is the most valuable right in the land that this right is so valuable it has to be after this hearing after what has for almost 200 years been the standard and if we want to go back to that two-part test with that is an alternative practice. Let me get back to this case. You have your expert report and in effect accept it as not true in your favor in looking at so if that is true if your expert report gets the high road here what would be the difference between that I mean are there factual issues you're giving it the needed oomph on the summary judgment standard so I'm not sure what the difference would have been at an evidentiary hearing. It's that because we're in this unique posture where the district judge is the one who's evaluating these the district judge would have been able to possibly develop more facts we would have developed more facts depending on the main thing I'm sorry. That part I'm having trouble with okay here we are this is a district courtroom from the past okay so imagine you're here in district court and your expert if you haven't developed the facts already in the expert report then there would also be some civil procedure restrictions on that so you've got the report now in front of the district judge what more do you want was there more evidence that you didn't get to present? Well yes your honor that because that's only one of the many things so one was the testimony of my client which is credibility her understanding of what she thought what she understood about the law those types of things the interest state and then more on the interest state nature that Washington system with the expert the good moral character. Take all that in your favor this is an intrastate system and that seems to have been the trend in characterizing over recent times this is an intrastate system and your client believed what she believed and of course she adopted her interview answers and then we have your expert I guess I'm still hard-pressed to see what would have been the difference between the record on summary judgment and what you're asking for. Because the judge can look her in the eye the answers that her answers to the questions would be more fully developed and because of this unique situation of naturalization we go back and it's it's about if you go back to my frack and I guess maybe I'm probably not being too precise but in the end doesn't it come down to a legal question. It needs more factual development to do that and because of the unique situation and the an application of matter Murrah that's a really great case from because it's pre 1990 and it really outlines what was happening before and it has to be as the current state of the law that's what Congress intended. Access to the courts as the current state of the law and the current state of the law was that there are two ways and I know I'm I was trying to save two minutes but I'll finish this question. There are two ways to for the district court to deal with naturalization. One they could take the INS report which was a hearing and an investigation before and they could take that to heart and say yes we agree with this we approve or deny based on INS recommendations or the second thing was a hearing. The hearing was discretionary in the judge's case but the hearing was mandatory if the petitioner asked for it absolutely mandatory. So in a way I can go through my list of factual things there but we go back to what is the intent of 1421 C and that's the intent of it was to preserve full recourse to the judiciary of the most ultimate right that anyone could have in this country. Good morning your honors may it please the court Mary Lariker is appearing on behalf of the United States. This court should affirm the district court's decision granting summary judgment in favor of defendants for three primary reasons. First section 1421 C did not require the district court to conduct an or the CSA which prevented her from naturalizing and third the legality of plaintiff's marijuana business under Washington state law does not affect her ability to naturalize in this case. Turning to the first reason that no hearing is required by section 1421 C the government advocates that this court should adopt the position of the two circuit courts that have addressed this issue in published decisions and the one that addressed it in an unpublished decision. Those cases are obviously cited in our brief and Chan and Karuki. In the Karuki case they do a good job of looking at the language in section 1421 C and breaking down what that first de novo in the statute means and what that second de novo in the statute means. As Judge Bybee said the first de novo in the statute means that the court should not defer to the agency to separate this type of proceeding from the Administrative Procedure Act and the second de novo is hearing de novo and that means that it should not be limited to the administrative record again to separate it from the Administrative Procedure Act. That is the better reading here and it's the better reading here because of what the Supreme Court has said about the word hearing. The Supreme Court has said that the word hearing has a host of meanings it doesn't just mean a live evidentiary hearing and in fact when the Supreme Court looked at the words in a different statute they looked at the words on the record after an opportunity for an agency hearing. They looked at the Supreme Court looked at those words in the statute and determined that not even those words require a live evidentiary hearing. So certainly in this case where you have just the words hearing de novo that are clearly meant to separate this type of proceeding from a proceeding under the APA it's clear here in this context that the word hearing just means before a judge. It means the full host of procedures that plaintiff has available to them under the federal rules of civil procedure which as this court knows is many. Indeed plaintiff cannot come up with a reason why more facts needed to be heard in this particular case. Certainly no facts needed to be developed. If there were more facts that needed to be developed then summary judgment wouldn't have been appropriate but the judge here and the district court properly found that there was no factual dispute here. The issue presented before the court here was a legal question was absolutely appropriate for summary judgment because there was no genuine dispute of material fact. The court here did not need to assess plaintiff's credibility. The court only needed to look at the deposition transcripts and the naturalization hearing transcript. We also get guidance on this interpretation from the federal rules of civil procedure 81A2 which says that these rules shall be applicable to citizenship actions to the extent that the practice in such proceedings is not set forth in the statutes and has conformed to the practice of civil actions. 1421C as I said before only uses the word hearing. That isn't a different practice from the hearings that are available under the federal rules of civil procedure including the summary judgment procedure. The second part of that test has conformed to the plaintiff can point to no case where a court has adopted her reading of the statute. All courts inside the circuit and outside of the circuit have applied the rules of summary judgment to naturalization actions when appropriate and here it was it was certainly appropriate. There may be a different case where this court may want to take up this issue but it certainly isn't this one. So moving on to the the second reason plaintiff admitted to violations of the Controlled Substance Act which does prevent her from naturalizing. Here this is a legal issue. It doesn't have to do with plaintiff's credibility. It simply has to do with the state of the law at this particular moment. This particular moment the federal law makes it illegal to distribute or possession with intent to distribute a controlled substance and right now marijuana is a controlled substance. Is this an enforcement priority for the government? Your honor I'm certainly not the not the person to make that representation on behalf of the government. What we have here is an enumerated bar to naturalization. So in the naturalization context that enumerated bar requires the government to deny naturalization. This isn't a situation where there may be other where this is an unenumerated bar to naturalization. In those cases where a plaintiff has committed an unlawful act the government USCIS does have some discretion there to look at the with the violation of the Controlled Substance Act that's an enumerated bar to naturalization which USCIS has no discretion over and which the district court recognized they didn't have discretion over. It's a purely legal issue. If plaintiff admits to violating the Controlled Substance Act which she did here by admitting that she sells marijuana in her store then she is barred albeit temporarily from naturalization. And this is where I'd like to remind the court that it could be temporary. Plaintiff is not necessarily permanently barred from naturalization. She can come back and you know completely you know divest herself of and not commit any Controlled Substance Acts violations and come back and ask USCIS to be naturalized in a different good moral character period. So she's able to remain here under her current status? Yes your honor and that's what that really brings us back to the core issue here. This isn't naturalization you know as plaintiff said it is the highest honor that that a non-citizen can receive in the United States and the standards for that are exacting as the Supreme Court has said. So this isn't a matter where we're before where we're in deportation proceedings. This is just this is a naturalization proceeding where plaintiff has a very high burden in this in this case. So and just because she can't meet that burden now doesn't mean that she can't that she will not be able to meet that burden in the future. Plaintiff had a choice. Discretion that the department has because of course as Justice Thomas pointed out in his statement there is some very odd contradiction in the government's position here. So is there any give in terms of granting this within the discretion of the department? No your honor there is not and that's because this is an enumerated bar to naturalization. The statute says shall it's mandatory. The USCIS, the government, this court, the district court must deny naturalization if a controlled substance act has violation has been admitted to. So there's no discretion here. You stated a moment ago that this is a temporary bar and that Ms. Reimers could divest her ownership in the marijuana company and come back and request naturalization. But her husband who is a citizen is a co- ownership in the company that that would be sufficient or her marriage to somebody who also owns marijuana company would would create the same absolute bar. Your honor the the government doesn't like to make you know statements about future about future cases before it. If the court would like me to go back to my client and explain fully what she would have to do I certainly could. I wouldn't want to speak like an exact in exact terms of what plaintiff would have to do but what I can represent to sorry. What if she wasn't what if she wasn't a plaintiff she was just an employee? An employee unfortunately would also be it would certainly be a problem under the Controlled Substance Act because it's knowingly distributing a controlled substance. So I think that would certainly still be an issue and again your honors if you would like me to go back to my client and explain the steps she would need to take I certainly can. What's the temporal requirement? So let's imagine she were able to divest to a that was acceptable to the government would her past activity bar her? Your honor it's a three I believe it's three years for Miss Reimers a good moral character period because she's married to a US citizen. Normally it's five years I think for her it's it's three if I'm not mistaken so she would just have to prove divestiture of those for three years essentially. Even though Washington's property state there are provisions for disclaimer and I mean there are some presumptions but there's also the provision. That is the point that I would not like to speak on specifically without you know consulting with my client because that would be a future case and again I'm just so the extent to what she would have to divest herself I could provide to this court if this court wished but there is certainly an opportunity here for her to do so. The has a choice she had a choice to bring herself before the agency and apply for naturalization in here she's just simply being denied naturalization for now. She's not being removed from the United States right now it's just because she is seeking that highest honor in the land for non-citizens. I'd like to move on to whether the matter of K admission procedures should be imputed to 1421 C actions. The government's position is that it absolutely should not. The court need not absolutely reach this question because her deposition testimony would cure any procedural defects that there may be but the government would strongly advocate that this court not automatically adopt the matter of K admission procedures in into 1421 C actions. The matter of K rules were adopted for the purpose of ensuring that the non-citizen would receive fair play and to preclude any possible later claim that the non-citizen had been unwittingly entrapped into admitting the commission of a crime and that's important for in removal proceedings. That's important where the government in situations where the government bears the burden of proof. This court found that it was important in a case where the government initially bore the burden of proof in the Pescaquen and it's important in removal proceedings but this is a completely different type of case. The government does not bear the burden of proof. The rules of evidence apply. The judge here has the ability to question plaintiff if need be if there's a if the court if the court wishes. Those rules do not need to be imputed to a 1421 C action and certainly plaintiff does not point to any case where those procedural rules have been imputed to any other type of action outside of the context of removal proceedings or legacy exclusion proceedings where importantly the government had at least the initial burden of proof. The government does not have the burden of proof here. Plaintiff has the burden of proof and it is plaintiff's burden to show that she has not admitted to violations of the Controlled Substance Act and here if we look at the totality of the evidence of this case there is no genuine dispute of material fact that she has indeed admitted to violations of the Controlled Substance Act that at least temporarily bar her from from naturalization. Lastly your honor I'd like to briefly touch on the constitutional arguments plaintiffs raise. There's nothing about the legality of Washington state law of marijuana under Washington state law that changes the outcome in this case. The Supreme is a valid a is a is a valid use of the federal government's commerce power under the Commerce Clause. This court held on remand in Wright that the 10th Amendment was not violated and finally as the district court held there is no judge decide mentioned to make out an equal protection claim here plaintiff would need to show that she was treated differently than other legal permanent residence residents applying for naturalization. If she could if she could have in discovery if she could have raised that type of information in her cross motion for summary judgment we may have a very different case but she didn't that is the standard applicable to equal protection actions when non-citizens are bringing them. They have to show that they were treated differently than other non-citizens not that they were treated differently than US citizens and here plaintiff has failed to do that and it's just very clear from this court's precedent and Supreme Court precedent that plaintiff cannot make out any of her constitutional claims they simply lack merit and unless the court has any other questions it's for these reasons the government would ask this court to affirm the decision of the district court. Thank you. Thank you, Your Honors. Thank you. It's not fair play to punish Ms. Reimers for this chaotic and irrational state of the Controlled Substance Act in the marijuana field and as opposing counsel stated the judge can ask her questions about the admission but we didn't get that chance for the judge to ask her questions about her admission. It needed more it needed more development and then two counsel's point that this doesn't affect her after three years of naturalization as you pointed out, Your Honor, there is a discretionary factor for USCIS in deciding naturalization cases. They can look outside of the look-back period when certain conduct might affect what they think of the person's good moral character at that time. That's a and that's very speculative. I'm glad that opposing counsel will talk to her clients about that that if divestiture could work for her naturalization she could get back to her business. The other really important thing though is to remember that under 1182 which are the inadmissibility bars that if she leaves the country the inadmissibility bars apply to her and guess what it's not a conviction it is reason to believe drug trafficking. That is an inadmissibility. So what happens to a lawful permanent resident when they're re-entering the United States they are not they're deemed a riding alien instead of getting the special status that an LPR gets when they have no inadmissibility issues under 1182. They can keep her out of the country. They can do investigations on her. They can do what they want and Customs and Border Protection agent at the border wherever she comes in is going to make that initial decision. Counsel you're out of time. Thank you. Five seconds to wrap up. And that's not fair but we do say this is not fair under equal protection. She is similarly situated. We believe that she is required 1421 C requires a mandatory hearing when she requests it like before in 1447. We ask that the court reverse the government's summary judgment motion and grant hours or in the alternative reverse the summary judgment motion remand back to the district court letting the district court know that she does have a good moral character based on the constitutional violations and 1421 C hearing. Thank you. Uh, thanks. Thanks to you both. This matter is now submitted and we're adjourned for this morning.
judges: McKEOWN, BYBEE, DESAI